1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9   STERLING ATKINS,                    )
                                        )
10          Petitioner,                 )        2:02-cv-1348-JCM-PAL
                                        )
11   vs.                                )
                                        )        **ORDER**
12   RENEE BAKER, *et al.*,             )
                                        )
13          Respondents.                )
                                        )
14   _____  /

15

16          This capital habeas corpus action was stayed on April 30, 2010 (ECF No. 119), pending the

17   petitioner's exhaustion of claims in state court.

18          On January 8, 2015, the petitioner, Sterling Atkins, filed a motion to lift the stay

19   (ECF No. 142).  In that motion, Atkins states that the state-court proceedings have concluded.

20   Respondents filed a response to Atkins' motion on January 15, 2015 (ECF No. 143), indicating that

21   they generally do not oppose the lifting of the stay.  There was no reply.  The court will grant Atkins'

22   motion to lift the stay.

23          On January 21, 2015, Atkins filed a document entitled "Request and Supporting

24   Memorandum to Permit Issuance of a Subpoena Duces Tecum" (ECF No. 144) (hereafter

25   "Discovery Motion").  In that document, Atkins requests leave of court to conduct discovery; he

26   requests the court's permission to serve a subpoena on counsel for Antonio Doyle, his co-defendant

1   in the murder case underlying this habeas corpus action, seeking discovery of material obtained by

2   Doyle from the Clark County District Attorney's Office, the Las Vegas Metropolitan Police

3   Department, and the Federal Bureau of Investigation, in discovery in Doyle's federal habeas corpus

4   action.  *See* Discovery Motion; *see also* Exhibit 15 to Discovery Motion (Atkins' proposed

5   subpoena).  Atkins further requests that further litigation of this case be suspended while he obtains

6   such discovery.  *See* Discovery Motion.  The court will deny Atkins' motion for leave to conduct

7   discovery, without prejudice, as it is premature.  The court will not consider authorizing such

8   discovery, at this stage of this case, before it can be determined which, if any, of Atkins' claims are

9   procedurally viable, and which, if any, warrant factual development.

10         The court will set a schedule for further litigation of this action.  That schedule will include a

11   deadline for petitioner to file a fourth amended petition, provisions regarding the timing of

12   respondents' response to a fourth amended petition, and provisions governing the timing of any

13   motion for leave to conduct discovery, or motion for evidentiary hearing, to be filed by Atkins.

14         **IT IS THEREFORE ORDERED** that petitioner's Motion to Reopen Proceedings

15   (ECF No. 142) is **GRANTED**.  The stay of this action is lifted.

16         **IT IS FURTHER ORDERED** that the following schedule shall govern the further litigation

17   of this action:

18         1.      **Amended Petition**.  If necessary, petitioner shall file and serve a fourth amended

19   petition for writ of habeas corpus within **60 days** after entry of this order.  The fourth amended

20   petition shall specifically state whether each ground for relief has been exhausted in state court; for

21   each claim that has been exhausted in state court, the fourth amended petition shall state how, when,

22   and where that occurred.  If petitioner determines that a fourth amended petition need not be filed,

23   then, within 60 days after entry of this order, petitioner shall file and serve a statement to that effect.

24         2.      **Response to  Petition**.  Respondents shall have **60 days** following service of the

25   fourth amended petition to file and serve an answer or other response to the fourth amended petition.

26   If petitioner does not file a fourth amended petition, respondents shall have **60 days** following the

1  due-date for the fourth amended petition to file and serve an answer or other response to petitioner's

2  third amended petition.

3       3.   **Reply and Response to Reply**.   Petitioner shall have **45 days** following service of

4  an answer to file and serve a reply.  Respondents shall thereafter have **30 days** following service of a

5  reply to file and serve a response to the reply.

6       4.   **Briefing of Motion to Dismiss**.   If respondents file a motion to dismiss, petitioner

7  shall have **60 days** following service of the motion to file and serve a response to the motion.

8  Respondents shall thereafter have **30 days** following service of the response to file and serve a reply.

9       5.   **Discovery**.   If petitioner wishes to move for leave to conduct discovery, petitioner

10  shall file and serve such motion concurrently with, but separate from, the response to respondents'

11  motion to dismiss or the reply to respondents' answer.   Any motion for leave to conduct discovery

12  filed by petitioner before that time may be considered premature, and may be denied, without

13  prejudice, on that basis.  Respondents shall file and serve a response to any such motion concurrently

14  with, but separate from, their reply in support of their motion to dismiss or their response to

15  petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the

16  motion for leave to conduct discovery.

17       6.   **Evidentiary Hearing**.   If petitioner wishes to request an evidentiary hearing,

18  petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate

19  from,  the response to respondents' motion to dismiss or the reply to respondents' answer.  Any

20  motion for an evidentiary hearing filed by petitioner before that time may be considered premature,

21  and may be denied, without prejudice, on that basis.  The motion  for an evidentiary hearing must

22  specifically address why an evidentiary hearing is required, and must meet the requirements of

23  28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court,

24  and, if so, state where the transcript is located in the record.  If petitioner files a motion for an

25  evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but

26  separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.

1  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an

2  evidentiary hearing.

3        **IT IS FURTHER ORDERED** that petitioner's "Request and Supporting Memorandum to

4  Permit Issuance of a Subpoena Duces Tecum" (ECF No. 144) is **DENIED**.

5

6        Dated January 29, 2015.

7

8                                              _____
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4