# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STERLING ATKINS,

    Petitioner,

vs.

TIMOTHY FILSON *et al.*,

    Respondents.

2:02-cv-01348-JCM-PAL

**ORDER**

In this capital habeas corpus action, the respondents filed a motion to dismiss on December 22, 2016 (ECF No. 192). The petitioner, Sterling Atkins, is due to respond to the motion to dismiss by April 21, 2017. *See* Order entered February 16, 2017 (ECF No. 198).

On April 11, 2017, Atkins filed a motion entitled "Opposed Motion to Defer Filing of Motion for Evidentiary Hearing" (ECF No. 199). In that motion, Atkins states that, pursuant to the scheduling order entered on August 10, 2015 (ECF No. 167), he intends to file a motion for leave to conduct discovery with his response to the motion to dismiss, but that, on the other hand, he does not intend to file a motion for evidentiary hearing with his response to the motion to dismiss. Atkins requests that the time for him to file a motion for evidentiary hearing be deferred until after the motion to dismiss is resolved.

Atkins' motion appears to be premised on a misreading of the scheduling order. The scheduling order states: "If petitioner wishes to request an evidentiary hearing, petitioner shall file

and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer." Order entered August 10, 2015 (ECF No. 167), pp. 2-3. This provision allows a motion for evidentiary hearing to be filed with a response to a motion to dismiss or with a reply to an answer, or both. This provision is based on the court's recognition that, depending on the case, a habeas petitioner may have reason to request an evidentiary hearing with respect to issues raised in a motion to dismiss, and that a habeas petitioner may also have reason to request an evidentiary hearing later, with respect to the merits of his claims. In cases in which the petitioner does not seek an evidentiary with respect to issues raised in a motion to dismiss -- such as this case, apparently -- the scheduling order still allows for the filing of a motion for evidentiary hearing, after resolution of the motion to dismiss, with the petitioner's reply to the respondents' answer.

Therefore, in this case, whether or not Atkins files a motion for evidentiary hearing with his response to the motion to dismiss, the scheduling order provides that he may still file a motion for evidentiary hearing with his reply to respondents' answer. Atkins' motion is, therefore, unnecessary and moot, and will be denied on that ground.

**IT IS THEREFORE ORDERED** that petitioner's Opposed Motion to Defer Filing of Motion for Evidentiary Hearing (ECF No. 199) is **DENIED** as unnecessary and moot.

Dated April 13, 2017.

_____
UNITED STATES DISTRICT JUDGE