UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STERLING ATKINS,

        Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

        Respondents.

_____/

2:02-cv-01348-JCM-PAL

**ORDER**

Introduction

      This action is a petition for writ of habeas corpus by Sterling Atkins, a Nevada prisoner sentenced to death. The case is before the Court with respect to a motion to dismiss filed by the respondents. In that motion, respondents assert that various claims in Atkins' fourth amended habeas petition are barred by the statute of limitations, unexhausted in state court, procedurally defaulted, and not cognizable in this federal habeas corpus action. Atkins has, in turn, filed a motion for leave to conduct discovery and a motion for an evidentiary hearing. All three motions are fully briefed. The Court will grant the motion to dismiss in part and deny it in part, will deny Atkins' motion for leave to conduct discovery and his motion for evidentiary hearing, and will set a schedule for respondents to file an answer.

Background

In its order on Atkins' direct appeal, the Nevada Supreme Court described the factual background of this case as follows:

> On January 16, 1994, the nude body of twenty-year-old Ebony Mason was discovered twenty-five feet from the road in an unimproved desert area of Clark County. The woman's body was found lying face down with hands extended overhead to a point on the ground where it appeared that some digging had occurred. A four-inch twig protruded from the victim's rectum. Three distinct types of footwear impressions were observed in the area as well as a hole containing a broken condom, a condom tip and an open but empty condom package.
>
> In the opinion of the medical examiner, Mason died from asphyxia due to strangulation and/or from blunt trauma to the head. The autopsy revealed nine broken ribs, multiple areas of external bruising, contusions, lacerations, abrasions, and a ligature mark on the anterior surface of the neck. Mason's body also bore a number of patterned contusions consistent with footwear impressions on the skin of the back and chest. Finally, the autopsy revealed severe lacerations of the head and underlying hemorrhage within the skull indicating a blunt force trauma.
>
> A police investigation led to the arrest of appellant Sterling Atkins, Jr. ("Atkins") and Anthony Doyle in Las Vegas, Nevada. Atkins' brother, Shawn Atkins ("Shawn"), was also arrested, but his arrest took place in Ohio by agents of the Federal Bureau of Investigation ("FBI"). Upon his arrest, Shawn gave a voluntary statement to the FBI regarding the events leading up to Mason's death on January 15, 1994. Shawn stated that after returning to Atkins' apartment from a party that night, he, Atkins, and Doyle encountered Ebony Mason, a mutual acquaintance, who was intoxicated and/or high on drugs. Mason agreed to accompany the men to Doyle's apartment to have sex with them. According to Shawn, Mason had consensual sex with Atkins and oral sex with Shawn, but she refused Doyle when he attempted to have anal sex with her. After these activities, Doyle agreed to drive Mason to downtown Las Vegas. Doyle drove a pick-up truck with Shawn, Atkins and Mason accompanying him, but instead of driving downtown, Doyle drove to a remote area in Clark County. Doyle was angry with Mason and demanded that she walk home. When she refused, Doyle stripped her clothes off and raped her as Shawn and Atkins watched, and then both Atkins and Doyle beat and kicked her until she died.
>
> The State charged Doyle, Atkins and Shawn with one count each of murder, conspiracy to commit murder, robbery, first degree kidnapping and sexual assault. The State also filed a notice of intent to seek the death penalty. Thereafter, the district court granted Doyle's motion to sever trials and dismissed the robbery count against all three men. At a separate trial, commencing January 3, 1995, Doyle was convicted on all counts and sentenced to death for the murder. *See Doyle v. State*, 112 Nev. 879, 921 P.2d 901 (1996).
>
> On February 13, 1995, prior to trial, Shawn entered into a plea bargain agreement wherein he pleaded guilty to first-degree murder and first-degree kidnapping and was sentenced to two concurrent life sentences with the possibility of parole. As part of the bargain, Shawn agreed to testify at Atkins' trial.

2

1       On March 20, 1995, Atkins' jury trial commenced. As the State's only
2 eyewitness, Shawn testified that Atkins was not involved in Mason's beating and
    murder, but the State impeached Shawn with his prior inconsistent statements to the
3 FBI and to witness Mark Wattley. At the conclusion of the guilt phase of the trial on
    March 30, 1995, the jury found Atkins guilty of murder, conspiracy to commit
    murder, first-degree kidnapping and sexual assault. At the conclusion of the penalty
4 phase, the jury sentenced Atkins to death for the murder conviction.

*Atkins v. State*, 112 Nev. 1122, 1125-26, 923 P.2d 1119, 1121-22 (1996) (respondents filed a copy of

the opinion as Respondents' Exhibit 189 (ECF No. 93-12)).

      Atkins appealed. *See* Appellant's Opening Brief, Respondents' Exhibit 181 (ECF Nos. 93-2,

93-3, 93-4); Appellant's Reply Brief, Respondents' Exhibit 188 (ECF No. 93-11). The Nevada

Supreme Court reversed the sexual assault conviction, but affirmed the convictions of first-degree

murder, conspiracy to commit murder, and first-degree kidnapping, as well as the death sentence.

*See Atkins*, 112 Nev. at 1137, 923 P.2d at 1129.

      Atkins then unsuccessfully litigated a state-court petition for writ of habeas corpus. *See*

Petition for Post-Conviction Relief, Respondents' Exhibit 211 (ECF No. 93-34); Supplemental Brief

in Support of Petition, Respondents' Exhibit 232 (ECF No. 94-13); Findings of Fact, Conclusions of

Law and Order, Respondents' Exhibit 237 (ECF No. 94-18); Appellant's Opening Brief,

Respondents' Exhibit 256 (ECF Nos. 94-37, 94-38); Order of Affirmance, Respondents' Exhibit 261

(ECF No. 94-43).

      Atkins initiated this federal habeas corpus action on October 11, 2002, by filing a *pro se*

petition for writ of habeas corpus (ECF No. 1). Counsel was appointed for Atkins, and, with

counsel, on May 19, 2005, Atkins filed what his counsel termed a "supplemental petition" (ECF

No. 32). On December 10, 2007, Atkins filed a first amended petition (Docket No. 69), and on

October 29, 2008, he filed a second amended petition (ECF No. 85).

      Respondents filed a motion to dismiss on January 23, 2009 (ECF No. 88). The Court ruled

on that motion on August 18, 2009 (ECF No. 105), dismissing certain of Atkins' claims, and finding

certain of his claims unexhausted in state court. Atkins moved for a stay to allow him to exhaust his

unexhausted claims in state court (ECF No. 108). The Court granted that motion and stayed the case

on March 15, 2010 (ECF No. 116), and granted Atkins leave to file a third amended petition (ECF No. 116, 117).

On November 4, 2009, Atkins initiated a second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exhibit 283 (ECF No. 194-20). On March 22, 2012, the state district court dismissed Atkins' petition. *See* Findings of Fact, Conclusions of Law and Order, Respondents' Exhibit 289 (ECF No. 194-26). Atkins appealed, and on April 23, 2014, the Nevada Supreme Court affirmed, ruling that the claims asserted by Atkins' in his second state habeas action were untimely filed under NRS 34.726, barred by laches under NRS 34.800, and successive and an abuse of the writ under NRS 34.810. *See* Appellant's Opening Brief, Respondents' Exhibit 303 (ECF No. 195-13); Order of Affirmance, Respondents' Exhibit 307 (ECF No. 195-17). The Nevada Supreme Court denied Atkins' petition for rehearing. *See* Order Denying Rehearing, Respondents' Exhibit 312 (ECF No. 195-22). The Nevada Supreme Court's remittitur was issued on December 9, 2014. *See* Remittitur, Respondents' Exhibit 315 (ECF No. 195-25).

The stay of this action was lifted on January 19, 2015 (ECF No. 145), and Atkins filed a fourth amended petition for writ of habeas corpus -- now the operative petition -- on August 26, 2016 (ECF No. 183).

On December 22, 2016, respondents filed the motion to dismiss that is before the Court (ECF No. 192). On April 21, 2017, Atkins filed an opposition to the motion to dismiss (ECF No. 202), along with his motion for leave to conduct discovery (ECF Nos. 201, 204) and motion for evidentiary hearing (ECF No. 203). Respondents replied to Atkins' opposition to the motion to dismiss (ECF No. 209), and filed oppositions to the motion for leave to conduct discovery (ECF No. 210) and motion for evidentiary hearing (ECF No. 211) on July 21, 2017. Atkins filed replies in support of his motion for leave to conduct discovery (ECF No. 213) and motion for evidentiary hearing (ECF No. 212), on July 27, 2017.

<u>Analysis</u>

      <u>Waiver of Defenses</u>

Atkins argues that the respondents waived the procedural defenses that they assert in their motion to dismiss -- particularly, the statute of limitations defense -- because they did not assert those defenses in earlier filings. *See* Opposition to Motion to Dismiss (ECF No. 202), pp. 18-21. Specifically, Atkins argues that respondents could have raised their procedural defenses, but did not, in 2005 in a motion for a more definite statement filed in response to Atkins' original and supplemental petitions (ECF No. 39), in 2006 in an opposition to a motion for leave to conduct discovery (ECF No. 45), and in 2008 in an opposition to a motion for leave to file a second amended petition (ECF No. 83). *See id*. at 19. Atkins argues that respondents waived their defenses under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. *See id*.

Rule 5 speaks only to what the respondents must include in an answer; the respondents in this case have not yet filed an answer. Furthermore, respondents' procedural defenses are specific to Atkins' fourth amended habeas petition, which was only filed on August 26, 2016. Respondents have not improperly bypassed any opportunity to assert procedural defenses to the claims in Atkins' fourth amended petition. Respondents' assertion of their procedural defenses has been in accord with the scheduling orders in this case.

Respondents have not waived the procedural defenses asserted in their motion to dismiss.

      <u>Statute of Limitations</u>

         <u>Legal Standards</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations applicable to federal habeas corpus petitions. The statute provides:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The petitioner is entitled to statutory tolling of the limitations period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

<u>Expiration of the Limitations Period in this Case</u>

In the Court's August 19, 2009, order, concerning the previous motion to dismiss in this action, the Court ruled as follows with respect to the application of the statute of limitations:

In this case, Atkins' judgment of conviction became final on April 3, 1997, when the Nevada Supreme Court issued its remittitur, following the denial of certiorari by the United States Supreme Court.  *See* Exhibits 205, 208 [ECF Nos. 93-28, 93-31]; *see also Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2).  A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir.2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000).  On April 18, 1997, Atkins filed his state habeas petition.  *See* Exhibit 211 [ECF No. 93-34].  That filing tolled the limitations period after only 15 days had run against it.  The state habeas proceedings remained pending until July 22, 2002, when the Nevada Supreme Court issued its remittitur after affirming the denial of habeas corpus relief.  *See* Exhibits 261, 262, 263 [ECF Nos. 94-43, 94-44, 93-45].

Atkins filed his original habeas corpus petition, initiating this federal habeas corpus action, on October 11, 2002 [ECF No. 1].  Therefore, another 81 days ran against the limitations period between July 22 and October 11, 2002.  In total then, before the filing of the original petition in this case, only 96 days (15 days plus 81

6

days) ran against the limitations period. The original petition in this case was filed well with the one-year limitations period.

Atkins did not amend his petition until May 12, 2005 (more than two and a half years later) when he filed a "Supplemental Petition for Writ of Habeas Corpus" [ECF No. 32]. There was no statutory tolling of the limitations period by virtue of the pendency of this federal habeas corpus action between October 11, 2002, and May 12, 2005. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Therefore, the supplemental petition filed by Atkins on May 12, 2005, was filed outside the one-year limitations period. And, the amended petition filed on December 10, 2007 [ECF No. 69], as well as the second amended petition filed on October 29, 2008 [ECF No. 85], were both filed well beyond the expiration of the limitations period.

Order entered August 19, 2009 (ECF No. 105), pp. 22-23.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

Therefore, unless Atkins can show that equitable tolling is warranted, the question of the timeliness of the claims in his fourth amended petition turns upon whether the claims relate back to the filing of Atkins' original petition in 2002.

<u>Equitable Tolling</u>

Atkins argues that he is entitled to equitable tolling because he relied upon the Court's scheduling orders in this case. *See* Opposition to Motion to Dismiss, pp. 77-80.

The AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[T]he requirement that extraordinary circumstances stood in [the petitioner's] way suggests that an external force must cause the untimeliness, rather than ... merely oversight, miscalculation or negligence on [the petitioner's] part,

all of which would preclude the application of equitable tolling." (internal quotations and citations omitted); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness ... and that the extraordinary circumstances made it impossible to file a petition on time." (internal quotations, citations, and alteration omitted)). "The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'" *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011), quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). It is the habeas petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). The Court finds that Atkins does not show that equitable tolling is warranted.

Atkins argues, essentially, that he is entitled to equitable tolling because he relied upon the Court's scheduling orders in determining when to file his amended petition. *See* Opposition to Motion to Dismiss, pp. 77-80. Instructions from a court do not serve as a basis for equitable tolling unless the court "affirmatively misled" the petitioner. *Ford v. Pliler*, 590 F.3d 782, 786-87 (9th Cir. 2009). There is no showing by Atkins that he was affirmatively misled. The Court's scheduling orders granted leave for Atkins to conduct discovery, set time limits for Atkins to do investigation and conduct discovery, and set time limits for Atkins to file his amended petitions; those orders did not make any statement about, or have any bearing on, the operation of the statute of limitations. Atkins has not made any factual allegation, or proffered any evidence, suggesting otherwise.

Moreover, the United States Supreme Court decided *Mayle* on June 23, 2005, holding that an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle*, 545 U.S. at 650. If Atkins and his counsel were under any misconception about whether new claims in an amended petition would relate back to Atkins' original petition, *Mayle* cleared that up. However, despite the plain import of *Mayle*, Atkins did not file his first amended habeas petition until

December 10, 2007, more than two years after *Mayle* clarified the law regarding the relation back of amended habeas petitions. That period of time, after the *Mayle* decision and after there could have been no confusion about the question of the relation back of new claims in an amended habeas petition, is, in itself, far in excess of the applicable one-year limitations period.

To the extent that Atkins argues that equitable tolling is warranted because of failures of his federal habeas counsel, including any failure of his counsel to recognize the import of the Supreme Court's *Mayle* decision (*see* Opposition to Motion to Dismiss, p. 81), that argument is without merit. A petitioner is not entitled to equitable tolling when his untimeliness is attributable to his own "oversight, miscalculation or negligence." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotations, citation, and alteration omitted). And, a petitioner is not entitled to equitable tolling where the cause of his late filing is incorrect advice from counsel. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by ... counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). There is no suggestion in this case of the sort of "egregious misconduct" on the part of counsel with regard to the running of the statute of limitations that could warrant equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003) (equitable tolling warranted where attorney retained to prepare and file habeas petition, failed to do so, and disregarded requests to return files until well after the date the petition was due).

Atkins has not shown that any extraordinary circumstance prevented timely filing of his amended habeas petitions. *See Holland*, 560 U.S. at 649. Equitable tolling is not warranted.

Exhaustion

Legal Standards

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that

9

claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S. 1212 (1983). To fairly present a federal constitutional claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.

Procedural Default

Legal Standards

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state

court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 132 S.Ct. at 1319. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*.

The Procedural Default in this Case

On Atkins' appeal in his first state habeas action, the Nevada Supreme Court addressed his claims of ineffective assistance of trial and appellate counsel on their merits. *See Order of Affirmance*, Exhibit 261 (ECF No. 94-43). With respect to Atkins' other claims, however, the Nevada Supreme Court ruled: "To the extent that Atkins raises independent constitutional claims, they are waived because they were not raised on direct appeal." *Id*. at 1 n.2 (ECF No. 94-43,

11

p. 2 n.2) (citing NRS 34.810(1)(B)). Therefore, claims other than ineffective assistance of counsel claims raised in Atkins' first state habeas action were ruled procedurally barred, and are subject to application of the procedural default doctrine.

On Atkins' appeal in his second state habeas action, the Nevada Supreme Court ruled that his entire petition was untimely under NRS 34.726, barred by laches under NRS 34.800, and successive and an abuse of the writ under NRS 34.810. *See* Order of Affirmance, Respondents' Exhibit 307 (ECF No. 195-17). All the claims in that action were ruled procedurally barred. Therefore, claims exhausted by Atkins in state court only in his second state habeas action are also subject to application of the procedural default doctrine.

<u>Treatment of Claims Subject to Procedural Default Doctrine</u>

Respondents argue that many of Atkins' claims are procedurally defaulted. *See* Motion to Dismiss, pp. 43-45 (regarding anticipatory procedural default of unexhausted claims), pp. 45-46 (arguing that Claims 1(b), 3(d), 3(e), 4(b), 4(f), 6(in part), 7(a), 7(d), 7(e), 7(f), 9 (in part), 10, 11, 12, 13, 14, 16, 17, 19, 20, 22 and 23 were ruled procedurally barred in Atkins' first and/or second state habeas actions and are, therefore, procedurally defaulted). This includes the claims respondents claim to be unexhausted in state court, as respondents argue that such claims are now subject to anticipatory procedural bars. Atkins, in turn, argues that he can show cause and prejudice for the procedural defaults, in that his counsel on his direct appeal and in his first state habeas action were ineffective for not asserting the defaulted claims. The Court determines that these arguments raise the question of the merits of the claims, and, therefore, will be better addressed after respondents file an answer, and Atkins files a reply.

Therefore, the Court will deny respondents' motion to dismiss to the extent it is brought on the ground of exhaustion and procedural default, without prejudice to respondents asserting those defenses in their answer, along with their argument regarding the merits of Atkins' claims.

Atkins' Gateway Actual Innocence Claim (Claim 24)

In Claim 24, Atkins claims that his "conviction and sentence are unlawfully and unconstitutionally imposed, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because he is actually innocent of the murder of Ebony Mason." Fourth Amended Petition, p. 325. The Court understands Atkins to assert this claim as both a substantive claim for federal habeas corpus relief, and also as a "gateway" claim under *Schlup v. Delo*, 513 U.S. 298 (1995).

A convincing showing of actual innocence may enable a habeas petitioner to overcome a procedural default, and allow consideration of the merits of an otherwise procedurally defaulted claim. *See Schlup*, 513 U.S. at 315, 323-27. Such a showing may also allow for an exception to the statute of limitations, allowing consideration of the merits of a claim otherwise barred by the statute of limitations. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013); *Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (en banc).

Actual innocence, in this context, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting a gateway actual innocence claim, the petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

"[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

A court considering whether a petitioner has established actual innocence for purposes of a gateway claim must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F.3d at 938 (internal quotation marks omitted). The analysis

13

"does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

In assessing a gateway actual innocence claim, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332; *see also McQuiggin*, 133 S.Ct. at 1936.

The new evidence on which Atkins' claim of actual innocence is based is an unsigned and undated declaration of Jerry Anderson, Petitioner's Exhibit 34 (ECF No. 183-17, pp. 2-6), and a January 19, 2015, declaration of Nicole Vantoorn, Petitioner's Exhibit 35 (ECF No. 183-17, pp. 10-14). Anderson was a witness for the prosecution at Atkins' trial. Vantoorn was an investigator hired by Atkins' former attorney in this case. Vantoorn states in her declaration that she interviewed Anderson on January 13, 2015, and Anderson told her the information that is included in the unsigned Anderson declaration.

For purposes of the analysis here, the Court puts aside the fact that the Anderson declaration is unsigned, the question whether Anderson could be produced to testify and would testify under oath to the information in the unsigned declaration, and the obvious credibility issues regarding Anderson. The Court assumes the truth of everything stated in the unsigned Anderson declaration and the Vantoorn declaration.

Assuming the truth of everything in these declarations, Atkins falls far short of showing actual innocence of the murder in this case. In his declaration, Anderson apparently seeks to convey that he believes that Anthony Doyle, who was also convicted and sentenced to death for the murder, was more culpable for the murder than Atkins. However, much of what Anderson says has little or no bearing on whether Atkins is actually guilty or innocent of murder; this includes Anderson's statements about Doyle's character, about Doyle being a gang member and drug dealer, about

14

Doyle's statements regarding his part in the murder, about Doyle's motive to murder Ebony Mason, about Doyle's attitude when talking about the murder, about Doyle's attempts to coerce others to take blame for the murder, about Doyle's intimidation of witnesses, including Anderson, about Anderson's initial lies regarding what he knew about the murder, and about Anderson's fear of Doyle and his associates.

What Anderson actually says about the murder -- without saying how he knows -- is the following:

> Tony [Doyle] was the *main guy* who killed Ebony. Tony got Ebony high off sherm. he gave her the sherm to get her high so they could have sex. Tony and Bubba [Atkins] were with Ebony, and *Bubba did begin a fight with her* when she was getting out of the truck. Bubba just wanted Ebony to leave. Tony, however, was the one who killed Ebony. He was mad that she wouldn't have sex with him. *Bubba fought with her*, but Tony took it too far when he got a brick and hit her over the head killing her. Tony decapitated Ebony.

Declaration of Jerry Anderson, Petitioner's Exhibit 34, ¶ 15 (ECF No. 183-17, p. 4) (emphasis added); *see also* Declaration of Nicole Vantoorn, Petitioner's Exhibit 35, p. 4, ¶ 17 (ECF No. 183-17, p. 13). This does not show Atkins to be innocent of murder. In fact, this shows that, while Anderson believes Doyle was the "main guy who killed Ebony," Atkins participated in the murder.

Anderson states:

> Tony took pleasure in killing Ebony and that surprised me. Tony giggled about it and talked about killing her all the time. Bubba [Atkins] got mad when Tony did this because Bubba did not intend for Ebony to be killed.

Declaration of Jerry Anderson, Petitioner's Exhibit 34, ¶ 16 (ECF No. 183-17, p. 5); *see also* Declaration of Nicole Vantoorn, Petitioner's Exhibit 35, p. 4, ¶ 18 (ECF No. 183-17, p. 13). Anderson also says that "Bubba was mad at Tony for killing Ebony." Declaration of Jerry Anderson, Petitioner's Exhibit 34, ¶ 3 (ECF No. 183-17, p. 2); *see also* Declaration of Nicole Vantoorn, Petitioner's Exhibit 35, p. 2, ¶ 4 (ECF No. 183-17, p. 11). Anderson's statements about Atkins' feelings about the murder, after the fact, and his lack of intent with respect to it, are conclusory, and are of little import when considered together with the evidence at trial.

The statements by Anderson in his declaration, twenty-one years after Mason's murder, is nowhere near the sort of evidence necessary to satisfy the *Schlup* standard. Atkins does not show that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Atkins has not made a showing of actual innocence sufficient to overcome the statute of limitations bar.

### Analysis of Individual Claims

#### Scope of Analysis

As is explained above, the Court will deny respondents' motion to dismiss, without prejudice, to the extent it is based on exhaustion and procedural default.

The following analysis addresses the individual claims that respondents contend are barred by the statute of limitations.

In the following analysis, the Court also addresses certain of respondents' arguments that Atkins' claims are not cognizable in this federal habeas corpus action. To the extent that any such arguments, regarding the cognizability of claims, are not addressed in the following analysis, the Court determines that those issues will be better addressed in connection with the merits of Atkins' claims, after respondents file an answer and Atkins files a reply, and respondents' motion to dismiss will be denied without prejudice as to those arguments.

#### Claim 1(a)

In Claim 1, Atkins claims that he was denied effective assistance of counsel, in violation of his federal constitutional rights, pretrial and in jury selection. Fourth Amended Petition (ECF No. 183), pp. 85-91. Claim 1 includes five distinct subparts, each setting forth a separate claim, identified as Claims 1(a), 1(b), 1(c), 1(d) and 1(e). In Claim 1(a), Atkins claims: "Defense counsel were ineffective in proceeding to trial despite the fact that first chair counsel had been appointed only five days prior to trial and co-counsel was newly-admitted to the Nevada Bar and this was his first jury trial." *Id*. at 91-99.

Respondents argue that Claim 1(a) is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 15. The Court finds, however, that Claim 1(a) does relate back to Atkins' claim in his original petition that the trial court abused its discretion by denying a continuance of the trial. As such, Claim 1(a) is not barred by the statute of limitations. The motion to dismiss will be denied with respect to Claim 1(a).

### Claim 1(b)

In Claim 1(b), Atkins claims that his counsel were ineffective "in *voir dire* and jury selection." Fourth Amended Petition, pp. 99-116.

Respondents argue that Claim 1(b) is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 15. Atkins argues that it relates back to Ground 1 of his original petition. Ground 1 of Atkins' original petition, however, included no allegations regarding jury selection. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Ground 1 of the original petition and Claim 1(b) do not share a common core of operative fact, and, as a result, Claim 1(b) does not relate back to the filing of the original petition. Claim 1(b) will be dismissed as barred by the statute of limitations.

### Claim 1(c)

In Claim 1(c), Atkins claims that he received ineffective assistance of counsel because of his counsel's "failure to assert a *Batson* challenge to the State's removal of Mr. Long, the only remaining African-American in the jury pool." Fourth Amended Petition, pp. 116-23.

Respondents argue that Claim 1(c) is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 15. This claim is barred by the statute of limitations. Atkins makes no colorable argument that this claim relates back to his timely-filed original petition. *See* Opposition to Motion to Dismiss, pp. 88-89. There is no claim in Atkins' original petition that arises from the same core operative facts. Claim 1(c) does not relate back to the filing of the original petition. Claim 1(c) will be dismissed because it is barred by the statute of limitations.

### Claim 1(e)

In Claim 1(e), Atkins claims that his constitutional rights were violated as a result of the cumulative effect of ineffective assistance of counsel in the pre-trial phase of his case. Fourth Amended Petition, p. 128.

Respondents argue that Claim 1(e) is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 15. As this is a cumulative error claim, the Court determines that it relates back to the original petition, and is not barred by the statute of limitations, to the extent that any of the constituent claims upon which it is based relate back and are not barred. Respondents' motion to dismiss will be denied with respect to Ground 1(e).

### Claim 2

In Claim 2, Atkins claims that he received ineffective assistance of counsel because of his counsel's failure "to investigate and present evidence of Mr. Atkins's incompetency to stand trial." Fourth Amended Petition, pp. 129-39.

Respondents argue that Claim 2 is barred by the statute of limitations. *See* Motion to Dismiss, p. 15. The Court finds that Claim 2 relates back to Ground 1 of Atkins' original petition. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The Court will deny the motion to dismiss with respect to Claim 2.

### Claim 3(b)

In Claim 3, Atkins claims that he was denied effective assistance of counsel, in violation of his federal constitutional rights, in the guilt phase of his trial. Fourth Amended Petition, p. 140. Claim 3 includes ten distinct subparts, each setting forth a separate claim, identified as Claims 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), 3(g), 3(h), 3(i) and 3(j). In Claim 3(b), Atkins claims that he received ineffective assistance of counsel because, in cross-examining Atkins' brother, Shawn Atkins, Atkins' counsel suggested that "Atkins 'jumped in' to the killing of Ebony Mason." Fourth Amended Petition, pp. 143-44.

Respondents argue that Claim 3(b) is barred by the statute of limitations. *See* Motion to Dismiss, p. 16. In response, Atkins argues that this claim relates back to Ground 7 in his original petition. However, there is nothing in Ground 7, or anywhere else in Atkins' original petition, regarding counsel's cross-examination of Shawn Atkins. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 3(b) does not share a common core of operative fact with any claim in Atkins' original petition, and does not relate back to the filing of the original petition. Claim 3(b) is barred by the statute of limitations, and it will be dismissed on that ground.

Claim 3(c)

In Claim 3(c), Atkins claims that, in cross-examining Shawn Atkins, Atkins' counsel were ineffective for "testifying instead of questioning." Fourth Amended Petition, pp. 144-45.

Respondents argue that Claim 3(c) is barred by the statute of limitations. *See* Motion to Dismiss, p. 16. In response, Atkins argues that this claim "relates back to the broader claims of ineffective assistance of counsel." *See* Opposition to Motion to Dismiss, p. 102. However, there is nothing in Atkins' original petition regarding his counsel's cross-examination of Shawn Atkins. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 3(c) does not share a common core of operative fact with any claim in Atkins' original petition, and, therefore, does not relate back to the filing of the original petition. Claim 3(c) is barred by the statute of limitations, and it will be dismissed on that ground.

Claim 3(d)

In Claim 3(d), Atkins claims that, in cross-examining Shawn Atkins, Atkins' counsel were ineffective for "denigrating the victim and terming her a 'hood rat.'" Fourth Amended Petition, pp. 145-49.

Respondents argue that Claim 3(d) is barred by the statute of limitations. Here too, in response, Atkins argues that this claim relates back to the "broader ineffective assistance of counsel claims." *See* Opposition to Motion to Dismiss, p. 103. But, again, there is nothing in Atkins' original petition regarding his counsel's cross-examination of Shawn Atkins. *See* Petition for Writ

of Habeas Corpus (ECF No. 1). Claim 3(d) does not share a common core of operative fact with any claim in Atkins' original petition, and does not relate back to the filing of the original petition. Claim 3(d) is barred by the statute of limitations, and it will be dismissed on that ground.

### Claim 3(e)

In Claim 3(e), Atkins claims that his counsel were ineffective for failing "to timely object to irrelevant and prejudicial evidence from the victim's father." Fourth Amended Petition, pp. 150-51.

Respondents argue that Claim 3(e) is barred by the statute of limitations. *See* Motion to Dismiss, p. 16. Atkins argues in response that this claim relates back to Ground 20(c) of his original petition. The Court agrees. Claim 3(e) is based on the same core of operative facts as Ground 20(c) in Atkins' original petition. Claim 3(e) relates back and is not barred by the statute of limitations. The Court will deny respondents' motion to dismiss with respect to Claim 3(e).

### Claim 3(f)

In Claim 3(f), Atkins claims that, in cross-examining David Lemaster, a crime scene analyst, his counsel were ineffective for "emphasizing ... that there were three patterns of footwear." Fourth Amended Petition, p. 151.

Respondents argue that Claim 3(f) is barred by the statute of limitations. *See* Motion to Dismiss, p. 16. Atkins argues in response that this claim relates back to Ground 9 of his original petition. *See* Opposition to Motion to Dismiss, p. 107. The Court agrees. Ground 9 of the original petition also concerns Atkins' counsel's handling of the footprint evidence, a common core of operative fact. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 3(f) relates back to the filing of the original petition and is not barred by the statute of limitations. The Court will deny respondents' motion to dismiss with respect to Claim 3(f).

### Claim 3(h)

In Claim 3(h), Atkins claims that his counsel were ineffective "for failure to obtain an independent hair analysis expert." Fourth Amended Petition, pp. 153-54.

1  Respondents argue that Claim 3(h) is barred by the statute of limitations. Atkins does not

2  claim that he asserted such a claim in his original petition, but, rather argues that it should relate back

3  to his general claims of ineffective assistance of counsel in his original petition. *See* Opposition to

4  Motion to Dismiss, p. 110. Nothing in Atkins' original petition referenced his trial counsel's failure

5  to obtain an independent hair analysis expert. *See* Petition for Writ of Habeas Corpus (ECF No. 1).

6  Claim 3(h) does not share a common core of operative fact with any claim in Atkins' original

7  petition. Claim 3(h) is barred by the statute of limitations, and it will be dismissed on that ground.

8          <u>Claim 3(i)</u>

9          In Claim 3(i), Atkins claims that his counsel were ineffective "for their failure to impeach

10  three key prosecution witnesses," Mark Wattley, Jerry Anderson and Michael Smith. Fourth

11  Amended Petition, pp. 154-60.

12          Respondents argue that this claim is barred by the statute of limitations. *See* Motion to

13  Dismiss, pp. 16-17. The Court, however, finds that this claim relates back to Ground 1 of Atkins'

14  original petition, in which he asserted that his counsel was ineffective for failing to investigate

15  Wattley, Anderson and Smith. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 3(i) and

16  Ground 1 of Atkins' original petition share a common core of operative fact. Claim 3(i) relates back,

17  and is not barred by the statute of limitations. The Court will deny respondents' motion to dismiss

18  with respect to Claim 3(i).

19          <u>Claim 3(j)</u>

20          In Claim 3(j), Atkins claims that his constitutional rights were violated as a result of the

21  cumulative effect of ineffective assistance of counsel in the guilt phase of his trial. Fourth Amended

22  Petition, p. 160.

23          Respondents argue that Claim 3(j) is barred by the statute of limitations because it does not

24  relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 17. As this is

25  a cumulative error claim, the Court determines that it relates back to the original petition, and is not

26  barred by the statute of limitations, to the extent that any of the constituent claims upon which it is

based relate back and are not barred.  Respondents' motion to dismiss will be denied with respect to Ground 3(j).

### Claim 4(a)

In Claim 4, Atkins claims that he was denied effective assistance of counsel, in violation of his federal constitutional rights, in the penalty phase of his trial.  Fourth Amended Petition, pp. 161-71.  Claim 4 includes eight distinct subparts, each setting forth a separate claim, identified as Claims 4(a), 4(b), 4(c), 4(d), 4(e), 4(f), 4(g) and 4(h).  In Claim 4(a), Atkins claims:  "Trial counsel unreasonably failed to retain and supervise appropriate investigators and other staff to conduct an adequate and timely investigation."  *Id*. at 172.

Respondents' claim that Claim 4(a) is barred by the statute of limitations.  *See* Motion to Dismiss, p. 17.  The Court, however, determines that Claim 4(a) relates back to Ground 1 of Atkins' original petition, in which Atkins claimed that he received ineffective assistance of counsel because of his counsel's failure to conduct adequate investigation, and also to Ground 3, in which he claimed the trial court abused its discretion by failing to grant a continuance of the trial.  *See* Petition for Writ of Habeas Corpus (ECF No. 1).  Claim 4(a) is not barred by the statute of limitations.  The Court will deny the motion to dismiss with respect to Claim 4(a).

### Claim 4(b)

In Claim 4(b), Atkins claims that his counsel were ineffective for failing "to investigate and present readily available and substantially mitigating social history evidence."  Fourth Amended Petition, pp. 172-81.

Respondents argue that this claim does not relate back to Atkins' original petition, and is, therefore, barred by the statute of limitations.  *See* Motion to Dismiss, p. 17.  The Court finds, however, that this claim relates back to Ground 7 of Atkins' original petition, in which Atkins alleged, in part:  "Counsel unreasonably failed to uncover substantial, compelling evidence in mitigation of punishment."  *See* Petition for Writ of Habeas Corpus (ECF No. 1).  Claim 4(b) is not

barred by the statute of limitations. The Court will deny respondents' motion to dismiss with respect to Claim 4(b).

### Claim 4(c)

In Claim 4(c), Atkins claims that his counsel were ineffective "for emphasizing [Atkins'] failure in prison and on parole." Fourth Amended Petition, pp. 181-82.

Respondents argue that Claim 4(c) is barred by the statute of limitations. *See* Motion to Dismiss, p. 17. Atkins does not claim that he asserted any related claim in his original petition. *See* Opposition to Motion to Dismiss, p. 117. Nothing in Atkins' original petition referenced his trial counsel emphasizing Atkins' failure in prison and on parole. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 4(c) does not share a common core of operative fact with any claim in Atkins' original petition. Claim 4(c) is barred by the statute of limitations, and it will be dismissed on that ground.

### Claim 4(d)

In Claim 4(d), Atkins claims that his counsel were ineffective "for not objecting to extensive testimony regarding parole." Fourth Amended Petition, pp. 182-83. The subject of this claim is Atkins' trial counsel's handling of the testimony of "Mr. Stuart of the Nevada Department of Paroles." *See id*.

Respondents argue that Claim 4(d) is barred by the statute of limitations. Atkins does not claim that he asserted any related claim in his original petition. *See* Opposition to Motion to Dismiss, p. 117. Nothing in Atkins' original petition referenced his trial counsel's handling of Stuart's testimony. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 4(d) does not share a common core of operative fact with any claim in Atkins' original petition. Claim 4(d) is barred by the statute of limitations, and it will be dismissed on that ground.

### Claim 4(e)

In Claim 4(e), Atkins claims that his counsel were ineffective "for eliciting harmful information from defense prison expert Mr. Hardin." Fourth Amended Petition, pp. 183-84.

Respondents argue that Claim 4(e) is barred by the statute of limitations. *See* Motion to Dismiss, p. 17. Atkins does not claim that he asserted any related claim in his original petition. *See* Opposition to Motion to Dismiss, p. 118. Nothing in Atkins' original petition referenced his trial counsel's questioning of Hardin. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 4(e) does not share a common core of operative fact with any claim in Atkins' original petition. Claim 4(e) is barred by the statute of limitations, and it will be dismissed on that ground.

Claim 4(f)

In Claim 4(f), Atkins claims that his counsel were ineffective "for failure to challenge any of the six aggravating circumstances." Fourth Amended Petition, pp. 184-86. The gist of this claim is that his counsel did not make any argument to the jury to attempt to undermine the State's showing with respect to the aggravating circumstances on which the death penalty was based. *See id*.

Respondents argue that Claim 4(f) is barred by the statute of limitations. *See* Motion to Dismiss, pp. 17-18. Atkins does not claim that he asserted any related claim in his original petition. *See* Opposition to Motion to Dismiss, pp. 118-19. Nothing in Atkins' original petition referenced his trial counsel's argument to the jury, or lack thereof, with respect to the aggravating circumstances. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 4(f) does not share a common core of operative fact with any claim in Atkins' original petition. Claim 4(f) is barred by the statute of limitations, and it will be dismissed on that ground.

Claim 4(g)

In Claim 4(g), Atkins claims that his counsel were ineffective "in the preparation and presentation of defense expert Dr. Colosimo." Fourth Amended Petition, pp. 186-92.

Respondents argue that this claim does not relate back to Atkins' timely-filed original habeas petition. *See* Motion to Dismiss, p. 18. That argument is meritless. In Ground 1 of Atkins' original petition, Atkins claimed ineffective assistance of counsel based upon his trial counsel's failure "to adequately investigate, consult, or produce and offer psychological evidence at the trial," and, in subpart B of that claim, Atkins identified one aspect of the claim as "Dr. Colosimo's psychiatric

evaluation of Appellant during penalty phase in support of mitigation." *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 4(g) relates back to the filing of Atkins' original petition, and is not barred by the statute of limitations. The Court will deny respondents' motion to dismiss with respect to Claim 4(g).

### Claim 4(h)

Atkins claims that his constitutional rights were violated as a result of the cumulative effect of ineffective assistance of counsel in the penalty phase of his trial. Fourth Amended Petition, p. 192.

Respondents argue that Claim 4(h) is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 18. As this is a cumulative error claim, the Court determines that it relates back to the original petition, and is not barred by the statute of limitations, to the extent that any of the constituent claims upon which it is based relate back and are not barred. Respondents' motion to dismiss will be denied with respect to Ground 4(h).

### Claim 5

In Claim 5, Atkins claims that his constitutional rights were violated because his "lead trial counsel had a conflict of interest with her client that caused her to fail to request a continuance." Fourth Amended Petition, pp. 193-96.

Respondents' claim that Claim 5 is barred by the statute of limitations. *See* Motion to Dismiss, p. 18. The Court, however, determines that Claim 5 relates back to Ground 3 of Atkins' original petition, in which Atkins claimed that the trial court abused its discretion by failing to grant a continuance of the trial. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 5 is not barred by the statute of limitations. The Court will deny the motion to dismiss with respect to Claim 5.

Claim 8

In Claim 8, Atkins claims that his constitutional right to a fair trial was violated because "the

prosecution used a racially-motivated peremptory challenge to exclude the only remaining African-

American from the jury." Fourth Amended Petition, pp. 227-34.

Respondents argue that Claim 8 is barred by the statute of limitations. *See* Motion to

Dismiss, pp. 18-19. Atkins does not claim that he asserted any related claim in his original petition.

*See* Opposition to Motion to Dismiss, pp. 139-40. Indeed, Atkins did not, in his original petition,

make any claim regarding the prosecution's peremptory challenge of any juror. *See* Petition for Writ

of Habeas Corpus (ECF No. 1). Claim 8 does not share a common core of operative fact with any

claim in Atkins' original petition. Claim 8 is barred by the statute of limitations, and will be

dismissed on that ground.

Claim 9

In Claim 9, Atkins claims that "Nevada's ... common law definitions of the elements of the

capital offense are unconstitutional and many of the aggravating factors were invalid." Fourth

Amended Petition, pp. 235-62.

Respondents argue that Claim 9 is barred by the statute of limitations. *See* Motion to

Dismiss, p. 19. Atkins' original petition included a claim that his death sentence was

unconstitutionally based on "the duplicative aggravating circumstances that (1) the murder was

committed by a person involved, who was previously convicted of a felony involving the use [or]

threat of violence, and (2) that the murder was committed by a person under sentence of

imprisonment." Petition for Writ of Habeas Corpus (ECF No. 1), Ground 15. The portion of

Claim 9 making this assertion -- found in Part (C)(iii) of Claim 9 -- relates back to Atkins' original

petition and is not barred by the statute of limitations. The remainder of Claim 9 does not relate

back, and is barred by the statute of limitations.

Therefore, the Court will deny respondents' motion to dismiss with respect to the part of

Claim 9 in which he claims that two of the aggravating circumstances were duplicative, which may

be identified as Claim 9(C)(iii). The Court will grant respondents' motion to dismiss with respect to the remainder of Claim 9.

### Claim 10

In Ground 10, Atkins claims that his constitutional rights were violated because the trial court allowed the jury "to speculate that Atkins could be paroled or granted clemency if he received a sentence of life without the possibility of parole." Fourth Amended Petition, pp. 263-69.

Respondents argue that this claim is barred by the statute of limitations. *See* Motion to Dismiss, p. 19. The Court, however, finds that this claim is sufficiently related to Ground 19 of his original petition -- "Appellate counsel erred in failing to raise the issue of prosecutorial misconduct as to comments made to the jury by the prosecutor about commutation or pardon of a death sentence" -- that the two claims arise from a common core of operative fact. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The Court will deny the motion to dismiss with respect to Claim 10.

### Claim 13

In Claim 13, Atkins claims that his constitutional rights were violated on account of ineffective assistance of his appellate counsel on his direct appeal to the Nevada Supreme Court. Fourth Amended Petition, pp. 293-94.

Respondents argue that this claim is barred by the statute of limitations. *See* Motion to Dismiss, pp. 19-20. Applying the principles discussed above, the Court finds that Claim 13 relates back to Atkins' original petition to the extent that Atkins claims his appellate counsel was ineffective for failing to raise, on his direct appeal, the following of the claims that appear in his fourth amended habeas petition in this case: Claims 1(a), 1(d), 1(e), 2, 3(a), 3(e), 3(f), 3(g), 3(i), 3(j), 4(a), 4(b), 4(g), 4(h), 5, 6, 7(a), 7(b), 7(c), 7(d), 7(e), 7(f), 9 (only the part of Claim 9 discussed in part (C)(iii) of Claim 9), 10, 11, 12, 14, 16, 17, 18, 19, 20, 21, 22, and 23. On the other hand, Claim 13 does not relate back to Atkins' original petition, is barred by the statute of limitations, and will be dismissed, to the extent that Atkins claims his appellate counsel was ineffective for failing to raise, on his direct appeal, the following of the claims in his fourth amended habeas petition in this case: Claims 1(b),

27

1(c), 3(b), 3(c), 3(d), 3(h), 4(c), 4(d), 4(e), 4(f), 8, 9 (except for the part of Claim 9 discussed in part (C)(iii) of Claim 9), 15, and 24.

## Claim 14

In Claim 14, Atkins claims that his constitutional rights were violated "due to the admission of cumulative and prejudicial victim impact testimony at the guilt and penalty phases of his trial." Fourth Amended Petition, pp. 295-97.

Respondents argue that Claim 14 is barred by the statute of limitations. *See* Motion to Dismiss, p. 20. However, the Court finds that Claim 14 relates back to Ground 20(c) of Atkins' original petition, and is not barred. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Respondents' motion to dismiss will be denied with respect to Claim 14.

## Claim 15

In Claim 15, Atkins claims that his constitutional rights were violated because his "capital trial, sentencing, and review on direct appeal were conducted before state judicial officers whose tenure in office was not during good behavior but whose tenure was dependent on popular election." Fourth Amended Petition, pp. 298-99.

Respondents argue that this claim is barred by the statute of limitations. *See* Motion to Dismiss, p. 20. Atkins does not claim that he asserted any related claim in his original petition. *See* Opposition to Motion to Dismiss, p. 159. In Atkins' original petition, there is no claim that shares a common core of operative fact with Claim 15. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Claim 15 is barred by the statute of limitations, and it will be dismissed on that ground.

## Claim 21

In Claim 21, Atkins claims that "the execution of a death sentence after keeping the condemned on death row for an inordinate amount of time constitutes cruel and unusual punishment." Fourth Amended Petition, pp. 315-20.

Respondents argue that Claim 21 is barred by the statute of limitations. *See* Motion to Dismiss, p. 20. Atkins does not claim that he asserted such a claim in his original petition, *see*

Opposition to Motion to Dismiss, p. 164, and, indeed, he did not. However, the statute of limitations at 28 U.S.C. § 2244 runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Here, the factual predicate for this claim -- that "the execution of a death sentence after keeping the condemned on death row for an inordinate amount of time constitutes cruel and unusual punishment" -- could arguably have arisen within a year before Atkins filed his fourth amended petition. The resolution of this question is tied to the question of the merits of this claim. The Court will, therefore, deny the motion to dismiss Claim 21, without prejudice. The denial of the motion to dismiss as to this claim is without prejudice to the respondents presenting argument in their answer, along with argument regarding the merits of the claim, that the factual predicate for this claim was discoverable more than a year before the fourth amended petition was filed, and that, therefore, the claim is barred by the statute of limitations.

Claim 22

In Claim 22, Atkins claims that the cumulative effect of the errors described elsewhere in his petition resulted in a violation of his constitutional rights. Fourth Amended Petition, pp. 321-23.

Respondents argue that Claim 22 is barred by the statute of limitations because it does not relate back to Atkins' original habeas petition in this action. *See* Motion to Dismiss, p. 20. As this is a cumulative error claim, the Court determines that it relates back to the original petition, and is not barred by the statute of limitations, to the extent that any of the constituent claims upon which it is

based relate back and are not barred.  Respondents' motion to dismiss will be denied with respect to Claim 22.

### Claim 23

In Claim 23, Atkins claims that he "may become incompetent to be executed."  Fourth Amended Petition, p. 324.

Respondents argue that this claim is not cognizable in this federal habeas corpus action. *See* Motion to Dismiss, p. 48.  Atkins does not respond to this argument and does not cite any authority supporting a habeas corpus claim based on the allegation that he may become incompetent in the future.  The Court determines that Atkins does not, in Claim 23, state a claim upon which relief may be granted.  The Court will grant respondents' motion to dismiss with respect to Claim 23.

### Claim 24

In Claim 24, Atkins claims that he is actually innocent of capital murder.  Fourth Amended Petition, pp. 325-30.

Respondents argue that this claim is barred by the statute of limitations. *See* Motion to Dismiss, p. 21.  Atkins does not respond to that argument.  As is discussed above, the Court finds that this claim has no merit as a gateway claim asserted to overcome Atkins' procedural defaults and statute of limitations bars.  This claim does not relate back to any claim in Atkins' original petition.  Moreover, the evidence on which Atkins bases this claim was obtained by Atkins' counsel in January 2015 (*see* Petitioner's Exhibit 34 (ECF No. 183-17, pp. 2-6); Petitioner's Exhibit 35 (ECF No. 183-17, pp. 10-14)); Atkins makes no argument as to why he was not able to assert Claim 24 within a year after obtaining that evidence. *See* 28 U.S.C. § 2244(d)(1)(D).  To the extent it is asserted as a substantive claim rather than a gateway claim, Claim 24 is barred by the statute of limitations, and it will be dismissed on that ground.

### Motion for Evidentiary Hearing

Atkins filed a motion requesting an evidentiary hearing (ECF No. 203), and the parties have fully briefed that motion (ECF Nos. 211, 212).  Atkins requests an evidentiary hearing with respect

30

the procedural defenses raised by the respondents in their motion to dismiss.  Specifically, Atkins requests an evidentiary hearing "for the express purpose of showing cause and prejudice and a fundamental miscarriage of justice, as outlined in his actual innocence claim...."  Motion for Evidentiary Hearing (ECF No. 203), p. 4.

With regard to the question whether any of Atkins claims are barred by the procedural default doctrine, as is explained above, the Court will not address those issues until the parties have filed their answer and reply, and the merits of all Atkins' remaining claims have been briefed.  Therefore, Atkins' request for an evidentiary hearing concerning issues related to procedural default issues will be denied, without prejudice to Atkins again requesting such an evidentiary hearing in a motion for evidentiary hearing filed in conjunction with his reply.

Atkins also requests an evidentiary hearing with respect to his gateway claim of actual innocence.  *See* Motion for Evidentiary Hearing, pp. 4, 9.  However, the Court finds that an evidentiary hearing related to this issue is unnecessary.  As is discussed above, in addressing Atkins' gateway actual innocence claim, for purposes of analysis, the Court assumes the truth of everything stated in the two declarations that represent the new evidence proffered by Atkins in support of his claim of actual innocence.  Therefore, the Court does not see any need for an evidentiary hearing on the gateway actual innocence claim.

The Court will deny Atkins' motion for an evidentiary hearing, without prejudice to Atkins seeking an evidentiary hearing on any issue in a new motion for evidentiary hearing filed in conjunction with his reply to respondents' answer.  *See* Order entered August 10, 2015 (ECF No. 167) (scheduling order).

Motion for Leave to Conduct Discovery

Atkins filed a motion for leave to conduct discovery (ECF Nos. 201, 204), and the parties have fully briefed that motion (ECF Nos. 210, 213).

A habeas petitioner is not entitled to discovery "as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.

1   1993).  Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good

2   cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may

3   limit the extent of discovery;" Rule 6(b) states that "[a] party requesting discovery must provide

4   reasons for the request."  Rule 6(a) and (b), Rules Governing § 2254 Cases in the United States

5   District Courts.

6        Atkins requests leave of court to serve a subpoena upon the Federal Public Defender for the

7   District of Nevada (FPD), to obtain materials obtained by the FPD in discovery in the course of their

8   representation of Antonio Doyle, who was also convicted of murder and sentenced to death for the

9   killing of Ebony Mason, and who also has a capital habeas corpus action pending in this Court.

10  *See* Renewed Motion for Leave to Conduct Discovery (ECF No. 204); Subpoena, Exhibit 15 in

11  Support of *See* Renewed Motion for Leave to Conduct Discovery (ECF No. 201-1, pp. 77-79).

12  Atkins contends that, in discovery in Doyle's case, the FPD obtained material that might substantiate

13  certain of Atkins' claims in this case, particularly his claims regarding undisclosed benefits allegedly

14  provided by the State to witnesses who testified against Atkins at trial.  *See See* Renewed Motion for

15  Leave to Conduct Discovery (ECF No. 204).  The Court will deny Atkins' motion.

16       Early on in this case -- between 2005 and 2007 -- there were extensive discovery

17  proceedings, and Atkins was granted leave to conduct certain discovery.  *See*, *e.g.*, Motion for Leave

18  to Conduct Discovery (ECF No. 31); Order entered October 25, 2005 (ECF No. 38); Motion for

19  Leave to Conduct Discovery (ECF No. 42); Order entered June 29, 2006 (ECF No. 47).

20  Notwithstanding that, Atkins now claims that his counsel had an agreement with Doyle's counsel,

21  whereby Doyle's counsel would conduct discovery for Atkins, as well as their own client, and would

22  share with Atkins the material obtained in that discovery.  Atkins does not point to any writing

23  confirming the existence of any such agreement.  Atkins does not claim that the Court was ever

24  notified of the existence of any such agreement.  And, Atkins certainly does not claim that the Court

25  ever approved of any such arrangement.  In the order entered in this case on June 29, 2006, granting

26  Atkins leave to conduct certain discovery, there was no mention of any arrangement whereby

Doyle's counsel was conducting any discovery for Atkins. *See* Order entered June 29, 2006 (ECF No. 47). Every indication in that order is that the Court understood Atkins' counsel to be conducting Atkins' discovery. To the extent that, in the June 29, 2016, order, leave to conduct discovery was denied, it was because of shortcomings in Atkins' showing in his motion; it was not because the FPD was conducting the discovery for Atkins. In short, Atkins' claim that Doyle's counsel agreed to conduct discovery for him is unsupported and unconvincing.

Moreover, the Court observes that the subpoena Atkins wishes to serve on the FPD seeks "all discovery provided to the Federal Public Defender by the Clark County District Attorney's Office, the Las Vegas Metropolitan Police Department and the FBI in the case of Antonio Lavon Doyle v. E.K. McDaniel, Cause no. CV-N-00-101." *See* Subpoena, Exhibit 15 in Support of *See* Renewed Motion for Leave to Conduct Discovery (ECF No. 201-1, pp. 77-79). The subpoena is patently overbroad.

The Court finds Atkins' motion for leave to conduct discovery -- seeking leave of court to serve a subpoena on counsel for another capital habeas corpus petitioner, to obtain access to what that habeas petitioner has discovered -- to be meritless. Atkins does not show good cause for such discovery. His motion will be denied.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 192) is **GRANTED IN PART AND DENIED IN PART**. The following claims in petitioner's Fourth Amended Petition for Writ of Habeas Corpus (ECF No. 183) are dismissed: 1(b), 1(c), 3(b), 3(c), 3(d), 3(h), 4(c), 4(d), 4(e), 4(f), 8, 9 (all of Claim 9 is dismissed except the part of Claim 9 discussed in part (C)(iii) of Claim 9), 13 (Claim 13 is dismissed to the extent that Atkins claims his appellate counsel was ineffective for failing to raise, on his direct appeal, the following of the claims in his fourth amended habeas petition in this case: Claims 1(b), 1(c), 3(b), 3(c), 3(d), 3(h), 4(c), 4(d), 4(e), 4(f), 8, 9 (except for the part of Claim 9 discussed in part (C)(iii) of Claim 9), 15, and 24), 15, 23, and 24. In all other respects, respondents' Motion to Dismiss is denied.

1     **IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No.

2  203) is **DENIED**.

3     **IT IS FURTHER ORDERED** that petitioner's Renewed Motion for Leave to Conduct

4  Discovery (ECF Nos. 201, 204) is **DENIED**.

5     **IT IS FURTHER ORDERED** that respondents shall have **60 days** from the date this order

6  is entered to file an answer, responding to the remaining claims in petitioner's Fourth Amended

7  Petition for Writ of Habeas Corpus (ECF No. 183).

8     **IT IS FURTHER ORDERED** that, in all other respects, the schedule for further

9  proceedings in the order entered August 10, 2015 (ECF No. 167) shall remain in effect.

10

11     Dated September 28, 2017.

12

13                                    _____

14                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26